IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Rickey James Gallman, #0347-254752, | ) | C/A No.: 1:15-5107-JMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| G.C.D.C.; Sgt. Bernard, C. Shift; | ) | |
| Officer Bradly, C. Shift; and Officer Dr. | ) | |
| Martain, G.H.G., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Rickey James Gallman ("Plaintiff"), proceeding pro se and in forma pauperis, is a pretrial detainee at Greenville County Detention Center ("GCDC"). He brings this civil action against GCDC, GCDC officers Sgt. Bernard ("Bernard") and Officer Bradly ("Bradly"), and Dr. Martain ("Martain") ("Defendants"), alleging a violation of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Plaintiff filed this complaint alleging discrimination and health neglect. [ECF No. 1 at 2]. Specifically, Plaintiff claims Bradly gave him permission to use the restroom when Bernard "started yelling and screaming telling [Plaintiff] to hurry back to [his] bed." *Id.* at 3. Plaintiff states he told Bernard he had back problems and Bernard told

Plaintiff he "look like a side winder and acting like [he] was dodging bullets." *Id.* Plaintiff claims he was offended by this and alleges when he responded again he was placed on lock down for four hours. *Id.* Plaintiff states he is "still being picked at and called by these names." *Id.* Plaintiff also claims he signed up to see the doctor on October 7, 2015, and "medical keept on sign [him] up over and over again." *Id.* Plaintiff claims the doctor saw him and could tell he was in pain. *Id.* Plaintiff states he has "been placed on another list to see a back specialist [and] was also put on nerve medicine for [his] back." *Id.* at 4. Plaintiff seeks "to be compensated for discrimination, with an apology and from medical. I only want medical attention." *Id.* at 5.

II.     Discussion

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the

2

development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

        1.    Insufficient Factual Allegations (GCDC, Bradley, and Martain)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79. Plaintiff provides insufficient factual allegations to show how GCDC, Bradly, and Martain violated his constitutional rights. Accordingly, these defendants are entitled to summary dismissal from the action.

2.   Verbal Abuse (Bernard)

Plaintiff alleges he is being "picked at" and called names. [ECF No. 1 at 3]. Such allegations, however, fail to set forth a claim of constitutional magnitude. *Ajaj v. United States*, 479 F. Supp. 2d 501, 538 n.16 (D.S.C. 2007); *Wilson v. McKeller,* 254 F. App'x. 960, 961 (4th Cir. 2007) (finding that verbal assault, standing alone, is not a cognizable injury in a § 1983 civil rights action). Accordingly, Plaintiff's verbal abuse claims are subject to summary dismissal.

3.   Medical Indifference

Deliberate indifference is a very high standard requiring more than a showing of mere negligence, *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976), and "more than ordinary lack of due care for the prisoner's interests or safety." *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *see also Farmer v. Brennan*, 511 U.S. 825, 835–36 (1994) (providing greater explanation of the level of culpability required for deliberate indifference). The Fourth Circuit has noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (citation omitted).

Plaintiff provides insufficient factual information to state a medical indifference claim, as he admits he was seen by a doctor, placed on a list to see a back specialist, and provided nerve medicine for his back. [ECF No. 1 at 3–4]. The Constitution requires that prisoners be provided with a certain minimum level of medical treatment, but it does not guarantee to a prisoner the treatment of his choice. Plaintiff's belief that he should have

4

received additional or different treatment does not constitute deliberate indifference to his serious medical needs. *Thomas v. Anderson City Jail*, No. 6:10-3270-RMG-KFM, 2011 WL 442053, at *3 (D.S.C. Jan. 19, 2011); *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). Further, a disagreement as to the proper treatment does not in and of itself state a constitutional violation. *See Brown v. Thompson*, 868 F. Supp. 326, 331 (S.D. Ga. 1994) (finding that although the provision of medical care by prison officials is not discretionary, the type and amount of medical care is discretionary). Plaintiff's medical indifference claim is subject to summary dismissal.

III.   Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the complaint be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

January 29, 2016                                    Shiva V. Hodges
Columbia, South Carolina                  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).